Taxes; excise tax; civil fraud penalties; meaning of fraud; burden of proof; misapprehension as to taxable entity. — Plaintiffs seek to recover the amounts of fraud penalties assessed by the IRS under Sec. 6653(b) of the 1954 Code against a two-man partnership operating a retail gasoline station. The penalties were assessed because the partnership for a number of quarters during the 1966-1970 period made underpayments of excise tax due under Sec. 4041 of the Code on sales of diesel oil and liquefied petroleum gas (LPG) for use as fuel in highway vehicles, the IRS concluding that such underpayments were due to fraud. In addition to being one of the partners, Mr. Ellard (now deceased) was the sole proprietor of a wholesale oil business from which the partnership purchased the diesel oil and LPG. The partners were aware that an excise tax was payable on sales of diesel oil and LPG, but mistakenly believed that the tax was payable by the wholesaler. Mr. Ellard’s duties with respect to the partnership were to maintain the books and records, arrange for and supervise the bookkeeping, pay bills, prepare and file all tax returns and reports, and pay all taxes due. During the period in issue, Mr. Ellard (unbeknownst to his partner) prepared false invoices incorrectly showing quantities of diesel oil or LPG as having been dispose of by the sole partnership to fictitious customers for tax-free nonhighway use,1 when in fact the products had been sold by the sole proprietorship to the service station which sold the products to customers for highway use. As to the fictitious sales, Mr. Ellard did not pay any excise tax thereon, but kept the tax money ($36,672) for his personal use. In a recommended opinion (reported in full at 82-2 USTC para. 16,382 and 50 AFTR 2d para. 82-5061) Trial Judge Mastín G. White concluded that the outcoine of the case should not be affected by Mr. Ellard’s misapprehension as to which of the two entities owned by him, either wholly or partially, was obligated to pay over the tax money which he converted to his own use; to allow otherwise would be to allow form to obscure substance; that the evidence shows that Mr. Ellard was motivated by an intent to evade *853 an excise tax known to be due, and to profit financially from the evasion by converting to his own use tax money collected from customers; these facts are sufficient to show fraud on Mr. Ellard’s part. Mr. Ellard’s estate is now the sole proprietor of the partnership, pursuant to a termination agreement, and consequently, there is no unfairness to the innocent partner involved in imputing Mr. Ellard’s fraud to the partnership; accordingly, upholding the action of the IRS in assessing civil fraud penalties against the partnership would serve the purpose of the statutory provisions authorizing the assessment of such penalties, which is to punish and deter wrongful conduct. Mr. Gillespie will not be liable for the 50% fraud penalty imposed by Sec. 6653(b). On July 23, 1982 the court, by order, adopted the trial judge’s recommended opinion (subject to one modification) as the basis for its judgment in this case, held that plaintiffs are not entitled to recover and dismissed the petition.